# Bradberry *v.* The State.

## *Murder.*

(Decided Feb. 6, 1908. Rehearing denied June 18, 1908.
46 South. 968.)

1. *Jury; Special Venire; Statutory Provision.*—The provisions of sections 5004 and 5005, (Sections 7263 and 7265, Code 1907) are mandatory and the action of the court in directing that the names drawn by it from the jury box should constitute the venire, without embracing also the names of the petit jurors organized for the week, was not in compliance with the statute.

2. *Process; Special Venire; By Whom Served.*—Process emanating from the circuit courts of the state, especially in capital cases, should be served by the sheriff or the authorized deputies.

APPEAL from Bullock Circuit Court.

Heard bedore Hon. A. A. EVANS.

John C. Bradberry was convicted of murder, and he appeals. Reversed and remanded.

L. M .MOSELEY, and E. L. BLUE, for appellant. Counsel discuss the motion to quash the venire, but without citation of authority. They insist that the sheriff and not the clerk of the court should serve its process, and cite the following.—*Suddeth v. The State,* 124 Ala. 32; *Spicer v. The State,* 69 Ala. 159.

ALEXANDER M. GARBER, Attorney-General, for the State. In support of the action of the court, the Attorney-General sets up the fact that the court made the proper bench note orders, that the clerk failed to properly enter the same in judgment, and that the order of submission should be set aside, the judgment amended nunc pro tunc with writ of certiorari to bring it up as amended.—*Adams v. The State,* 145 Ala. 680; *Ex parte Jones,* 61 Ala. 399.

[Bradberry v. The State.]

McCLELLAN, J.—The judgment of conviction appealed from must be reversed because of the patent failure of the trial court to order the constitution of the venire to try this defendant for a capital felony in accordance with sections 5004 and 5005 of the Criminal Code of 1896 (Cr. Code 1907, §§ 7263, 7265) On Monday of the week covering the day on which the trial was set the court drew from the jury box 50 names, which its order provided should constitute the venire from which the jury to try the defendant should be taken; whereas, to conform to the statute, the venire should have embraced also the "panel of petit jurors organized for the week." And, in consequence of the dereliction stated, the order to the sheriff to serve a copy of the venire drawn for the trial of the defendant was erroneous. The statutory provisions not observed, as shown, are mandatory, and their failure of observance in this case compels a reversal of the judgment of conviction and the remandment of the cause.

Other questions argued need not be considered, further than to say, by way of warning, that the sheriff is the officer attached for service to the circuit courts, and that processes emanating therefrom, especially in capital cases, should be served by him or his deputies.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.